IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

CIVIL ACTION NO. 0:16-3931-JFA

| | |
|---|---|
| JAMES MILLS, ) | |
| ) | |
| Plaintiff, ) | **AMENDED COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| RESPIRONICS, INC. and LINCARE, INC., ) | |
| ) | |
| Defendants. ) | |

NOW COME the Plaintiff and complaining of the Defendants allege and say as follows:

1.

Plaintiff JAMES MILLS is a citizen and resident of the City of Great Falls, Lancaster County, South Carolina.

2.

Upon information and belief, Defendant RESPIRONICS, INC. ("Respironics") is a foreign corporation incorporated in the State of Delaware with its corporate offices in Murrysville, Pennsylvania and at all relevant times herein was engaged in substantial activity within the State of South Carolina through its agents.

3.

Upon information and belief, Defendant LINCARE, INC. ("Lincare") is a foreign corporation incorporated in the State of Delaware with its corporate offices in Clearwater, Florida and at all times relevant herein was engaged in substantial activity within the State of South Carolina through its agents.

4.

Defendant Respironics is in the business, among other things, of manufacturing, distributing and selling EverFlo oxygen concentrators ("EverFlo") for individual use. Among the distributors/re-sellers/agents of EverFlor is Defendant Lincare, with distributors/agents across the county, including but not limited to, servicing the area of Lancaster County, South Carolina.

5.

On April 8, 2016, Plaintiff was using an EverFlo, which had been provided to him due to his lung insufficiency from eosinophilic granuloma and advanced COPD. As manufactured and warranted, the EverFlo was to set-off an alarm if the oxygen level being administered dropped below 80%. On this day, the EverFlo dropped to an dangerous level below 80% and the alarm mechanism failed to go off and alert the Plaintiff. As a result, Plaintiff was deprived of sufficient levels of oxygen for an extended period of time. Plaintiff went into respiratory distress and was transported to the hospital, where he remained for 4 days before being stabilized.

6.

After the incident described herein Paragraph 5, the EverFlo in question was taken for testing by Defendant Lincare. On May 3, 2016, Defendant Lincare, through its agent, sent Plaintiff written correspondence that the testing revealed the EverFlo failed to set-off an alarm when the oxygen output decreased to a point of 70%.

7.

Defendants, and each of them, were negligent in introducing a defective product (the EverFlo) into the stream of commerce. Plaintiff is informed and believes that the EverFlo was defective either due to a manufacturing error or failure to properly maintain and inspect the EverFlo before being put into use.

8.

The defective EverFlo was the sole and proximate cause of Plaintiff's respiratory distress and the need for Plaintiff being admitted into the hospital and subsequent medical problems Plaintiff has suffered.

9.

As a direct and proximate result of the Defendants' negligence as herein alleged, Plaintiff incurred the following:

    a.    Was severely, seriously and painfully injured;

    b.    Has incurred expenses for the services of medical diagnoses and treatment;

    c.    Was subjected to extreme pain, mental anguish, suffering and discomfort over a long period of time;

    d.    Has incurred pain, suffering and loss of enjoyment of natural life;

    e.    Has experienced and will continue to experience physical impairment;

  f. Has been and will be prevented from attending to Plaintiffs' usual and ordinary, social and domestic activities and/or responsibilities.

10.

As a proximate cause of the negligence of Defendants, and each of them, as alleged herein, Plaintiff is entitled to judgment against Defendants, and each of them, for all actual, consequential and special damages in an amount in to be determined at trial.

11.

Alternatively to the claim of negligence against Defendants, Plaintiff hereby asserts that Defendants are strictly liable to the Plaintiff under the South Carolina Defective Products Act (South Carolina Code of Laws § 15-73-10). Defendants were engaged in the business of providing through sale, lease or otherwise, the EverFlo. The EverFlo reached the Plaintiff without substantial change in the condition in which it was sold and/or distributed. Additionally, Plaintiff was not aware of the defect or could have been aware of the defect at the time he used the EverFlo.

12.

As a result of the strict liability of the Defendants, Plaintiff is entitled to judgment against Defendants, and each of them, for all actual, consequential and special damages in an amount in to be determined at trial.

WHEREFORE, the Plaintiff prays the Court:

1. That he have and recover of the Defendants, jointly and severally, general damages in an amount to be determined at trial.

2. That trial by jury be had in this matter.

3. That costs of this action be taxed to the Defendants.

4. That he have and recover pre and post judgment interest.

AND FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST, REASONABLE AND PROPER.

This is 19th day of December, 2016.

                                          /s/ David A. Manzi
                                          DAVID A. MANZI (SBN: 77222)
                                          Attorney for the Plaintiff

Partner:

Schiller & Hamilton, LLC
1057 Red Ventures Drive, Suite 145
Fort Mill, SC 29707
Direct Dial: 704-589-2180
Direct Fax: 877-241-2407
Email: dmanzi@schillerhamilton.com